# Erwin *v.* Reese.

*Bill in Equity to enforce Vendor's Lien.*

1. *Demurrer; what not heard.*—Under section 3550 of the Revised Code, a demurrer to a bill not setting forth any special cause—e. g. the bill contains no equity—is forbidden to be heard or considered.

2. *Assignment of error.*—Rulings upon pleading or other matters will not be noticed upon appeal, unless brought to the attention of the court by proper assignment of error.

3. *Revised Code, section 3470; amendment of; purpose of.*—The amendment to section 3470 of the Revised Code, authorizing the chancellor, by consent of parties, to render a decree in vacation, within ninety days after the hearing,—was not intended to prohibit or render void orders and decrees made by consent, after that lapse of time.

APPEAL from Chancery Court of Chambers.

Heard before Hon. B. B. McCRAW.

This was a bill in equity, filed by the appellee, Reese, to enforce the vendor's lien upon a tract of land situate in Chambers county. There was a decree, on the final hearing on the pleadings and proof, granting the relief prayed; hence this appeal.

Erwin, in his answer, set up by way of plea that he was a resident of Lee county, Alabama, and the bill should have been filed against him in that county. He also demurred, because "there is no equity in the bill." The cause was decided in vacation in pursuance of an agreement, which is set out in the opinion. The errors assigned are that the court erred in overruling the demurrer to the bill for want of equity and in rendering a decree in vacation.

H. C. LINDSAY, for appellant.

W. H. DENSON, *contra.*

[Erwin v. Reese.]

MANNING, J.—1. Section 3350 of the Revised Code declares that " a demurrer to the bill must set forth the ground of a demurrer specially, and otherwise must not be heard." This court has several times held that under this statute, *a demurrer* for want of equity only, was too general to be entitled to notice. Certainly we should not be justified in holding that such a demurrer presented for the decision of the chancellor the question whether the suit was well brought in Chambers county, where the land lies, instead of Lee county, where defendant resided.

2. The rule in respect to assignments of error, requires the appellant " to state concisely in writing *in what the error consists.*"—Rev. Code, p. 816. No assignment of error makes any reference to the plea, or any of its allegations in this cause ; and they are, therefore, not brought before us for consideration.

3. Objection is taken to the validity of the decree because rendered in vacation.

At the September term, 1873, a reference was made of this cause to the register as master to ascertain and report how much money was due from defendant to plaintiff upon notes, the payment of which was secured by a lien on the land described in the bill, and which it prayed should be sold to pay them. In March, 1874, the register made his report. The minute entry of the court in respect to it, is as follows: "In this cause the report of the register is read, and by consent of the solicitors in open court, it is ordered that the cause shall be taken up in vacation during the next sitting of the chancery court in Opelika—where it is agreed that any motion can then be made by either party, and any order or decree rendered in the matter, either interlocutory or by consent, that the court could now make, or hear when in regular session." This does not explicitly and clearly set forth the meaning of the parties and court. It shows, however, that "by consent of the solicitors in open court, it (was) *ordered* that the cause be taken up *in vacation* during the next sitting of the chancery court in Opelika," and that it was " *agreed* that any motion in it might then be made by either party," and any decree therein rendered, which the court could make or hear when in regular session. This seems equivalent to a *submission* of the cause to the chancellor in term time, *to be taken up* by consent for consideration in vacation, at a time and place designated when and where the parties might, according to agreement, appear and be heard if they should so choose, upon any matter concerning the cause. And for aught we can know to the contrary, the time mentioned may have been chosen for the accommodation of

the defendant, who is appellant in this court. At least, it was expressly agreed that the cause need not be taken up by the chancellor within ninety days; for that time would elapse before the court at Opelika was to be held; and that the decree should thereafter be rendered in vacation. The chancellor so understood the order; for, in his decree dated July 14th, 1874, he says: "This cause came on to be heard at the March term, 1874, and was submitted, upon motion, to confirm the report of the register and for final decree; and by consent of the respective parties, which is of record in this case, the cause was held under consideration for final decree in vacation."

The correctness of the decree is not assailed. But it is insisted by appellant that being enrolled in July, it can not be upheld, because rendered after the time prescribed by the statute of December, 1873, "to amend section 3470 of the Revised Code," which enacts that "the chancellor must, in all cases, render his decree in writing, during the session of the court at which the cause is heard. He may, however, by the written consent of counsel in the cause, render a decree in vacation, within ninety days after the hearing." This act was intended to produce promptitude in the decisions of the chancellor, and not to invalidate decrees rendered in vacation after the time specified, by consent of parties given when the causes were submitted.

As long ago as 1821, the supreme court of Alabama had under consideration the question of the power of a court of equity to render a decree in vacation by consent of parties in term time, upon an objection thereto, which is made in this case, and then said: "Did this consent authorize the decree to be entered out of term time? The answer of the counsel for plaintiff is, that consent can not give jurisdiction. The law had given to the court jurisdiction of the subject matter in controversy. The parties agreed that this jurisdiction may be exercised in a particular manner and to waive all objection to the irregularity—that the power of determining the cause in term time may be exercised out of term time. . . . . This is a case in which the maxim, *consensus tollit errorem*, applies with strict propriety. A party can not take advantage of an irregularity after having entered on the record his consent to waive it."—*Lewis, Adm'r, v. Lewis*, Minor, 35.

A similar decision was subsequently made in respect to a judgment in vacation, upon a demurrer in an action at law, in a case in Perry circuit court, which the parties submitted in term time, to be argued at the following circuit court in

Bibb county, and afterwards decided in vacation.—*King v. Green*, 2 Stew. 133.

And section 717 of the Revised Code enacts that "chancellors may make orders and render final decrees at any time, by consent of parties or their counsel." In view of the uniform practice in this particular, and the great inconvenience that would result from abolishing it, we do not think the legislature intended by the act of December, 1873, to declare void orders and decrees, correct in themselves, made by consent of parties, in vacation, though not within the time prescribed by its terms.

The decree of the chancellor is affirmed.