# Louisville & Nashville Railroad Co. v. Carl.

91 271
116 160

### *Action against Common Carrier for Lost Goods.*

1. *Declaration of agent, as evidence against principal.*—The declaration of a depot-agent, made in response to plaintiff's inquiry for his goods, that they were burned up in a car a few nights previously, is not admissible as evidence against his principal, the railroad company, when sued for the loss of the goods.

2. *Error in admission of evidence, not cured by other evidence.*—The admission of illegal evidence, against objection, can not be held to have worked no injury, because other evidence is afterwards adduced from which the jury might have inferred the existence of the fact sought to be proved.

3. *Oral evidence of facts shown by writing.*—Plaintiff suing a common carrier for lost goods consigned to him, which he had never seen, can not testify as to their quantity and value, as shown by the invoice, without producing the paper, or accounting for its absence.

APPEAL from the Circuit Court of Escambia.
Tried before the Hon. JOHN P. HUBBARD.

J. M. FALKNER, for appellant, cited *Ware v. Morgan*, 67 Ala. 461; *Wood v. Brown*, 57 Ala. 515; *A. G. S. Railroad Co. v. Hawk*, 72 Ala. 112; *M. & C. Railroad Co. v. Maples*, 63 Ala. 461.

JAS. M. DAVISON, *contra*, cited 2 Greenl. Ev. §§ 213, 440; *Burks v. Hubbard*, 69 Ala. 383; *Elliott v. Stocks*, 67 Ala. 301; 7 Amer. & Eng. Encyc. Law, 66.

STONE, C. J.—This is a suit against the railroad company as a common carrier. The complaint is, that the railroad company received from a connecting railroad line a lot of merchandise (tobacco) to be delivered to plaintiff at Brewton, Alabama, the place of consignment, and that there was a failure to deliver the merchandise when called for. There was no direct, positive proof that the merchandise, which was shipped from Lynchburg, Virginia, ever reached the defendant railroad; and we suppose the defense was rested mainly, if not entirely, on that ground. Fagan was the agent of the railroad company, in charge of the depot at Brewton. Being examined as a witness for plaintiff, he testified "that, on the 14th day of July, 1888, he, as agent of the defendant, received

[Louisville & Nashville Railroad Co. v. Carl.]

a number of way-bills of the defendant company, for freight shipped to Brewton; that among the way-bills was one for 50 caddies of tobacco for H. Carl of Brewton, Ala.; that these way-bills were received about 6:30 p. m. on the evening of the 14th of July, 1888, and at the same time a freight car was left on the side track of the depot at Brewton, which was loaded with freight, and, in the regular order of the road's business, should have been the freight expressed or mentioned in said way-bills; and that during said night of the 14th of July, 1888, said car, with its contents, was burned and wholly destroyed by fire; that said car was not opened after its arrival in Brewton, and that he did not know what was in it, except from the way-bills; that he did not know whether said tobacco was in said car or not; that he had never seen said tobacco, and knew nothing about it, except what he saw on said way-bills." Plaintiff had previously testified in his own behalf that he called upon Fagan, defendant's agent, and against defendant's objection, he was permitted to testify, "that said agent told him that the tobacco in question was burned in a car at Brewton on the night of the 14th of July, 1888—that said agent told him this a few days after the fire." There was an exception reserved to this ruling.

What an agent says at the time of, and in connection with an act of agency, is admissible evidence against the principal. When, however, the act is past, and the statement is merely of such past transactions, such testimony is inadmissible.—*M. & C. R. R. Co. v. Maples*, 63 Ala. 601; *Ware v. Morgan*, 67 Ala. 461; *Ala. Gr. So. R. R. Co. v. Hawk*, 72 Ala. 112; 9 Am. & Eng. Encyc. of Law, 348–9. The evidence objected to, should not have been received.

It is urged that, inasmuch as Fagan, the agent, was afterwards introduced, and gave evidence which would have authorized the jury to find that the goods were destroyed in the burning of the car, this rendered the former evidence harmless. We can not agree to this. The ascertainment of the facts from the oral testimony was purely a question for the jury, and we can not speculate as to what their finding would be. The question, what is legal testimony, is for the court to determine. What facts that testimony establishes, the jury alone can decide.—*Hames v. Brownlee*, 71 Ala. 132.

The plaintiff, in giving his testimony, should have produced his invoice of purchases, or accounted for its absence. As we understand the bill of exceptions, the quantity and value of the tobacco shipped to him were shown only by the invoice, for he had not seen the merchandise. Facts which are learned only from the inspection of a paper writing, must, as a rule,

[McQueen v. Turner.]

be proved by the paper itself, and not by oral testimony of its contents.—3 Brick. Dig. 417.

We have declared that Fagan's admission, that the tobacco had been destroyed with the burned car, should have been ruled out. That testimony rejected, the present record would not show enough to authorize a charge on the effect of the evidence.

Reversed and remanded.