# Alabama Great Southern R. R. Co. *v.* Russey.

## *Crossing Accident.*

(Decided December 17, 1914.   67 South. 445.)

1. *Railroads; Crossing Accident; Wantonness.*—The evidence stated and examined and held to warrant the finding that the servants of the defendant in charge of the train inflicting the injury were guilty of wantonness.

2. *Charge of Court; Applicability to Issues.*—As pleas of contributory negligence go only to simple negligence, and the cause was submitted to the jury upon the issue of wantonness alone, the court was without error in refusing charges upon contributory negligence on the part of the plaintiff.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by H. C. Russey against the Alabama Great Southern Railroad Company for damages for injuries received in a crossing accident. Judgment for plaintiff, and defendant appeals. Affirmed.

A. G. & E. D. SMITH, for appellant.

BLACK & SADLER, for appellee.

ANDERSON, C. J.—(1) All of the appellant's assignments of error, except as to the refusal of the general affirmative charge, relate to instructions as to the plaintiff's contributory negligence. The pleas setting that up did not go to the wanton count, No. 2, but were

properly treated as applicable only to count 1, the simple negligence count, and, as said count 1 was eliminated and was not submitted to the jury, there could be no reversible error upon the trial court's refusal to give the defendant's requested charges 19, 21, and 41.

(2) The evidence shows that the plaintiff was injured in the daytime at a public road crossing by the defendant's train running into his vehicle while he was crossing the track. The plaintiff's evidence showed that this was a very popular crossing, and that as many as 300 vehicles or persons crossed this point daily, that the defendant's freight train was going at a rapid rate of speed, 30 to 35 miles per hour, and also that the engineer gave no signal upon approaching the said crossing. There was also evidence showing that the engineer had been on the road about five years, and he was therefore reasonably familiar with the nature and use of the crossing in question. If this was true, the jury could have inferred wanton misconduct upon the part of the servant in charge of the engine, and the trial court properly refused the general charge suggested by the defendant. It may be true that the defendant offered positive proof as to giving signals, but this was denied by the plaintiff and his witnesses, and, while their evidence may have been negative, the jury could well infer that they were in a position to have heard the signals if given, and it was therefore a question for the jury as to whether or not the defendant's servant in charge of the train was guilty of wantonness.

The judgment of the city court is affirmed.

Affirmed.

SOMERVILLE, DE GRAFFENRIED, and GARDNER, JJ., concur.