# Southern Railway Co. *v.* Fricks.

### Injury to Person on Track.

#### (Decided April 20, 1916. 71 South. 701.)

1. **Railroads; Persons on Track; Complaint.**—Where the complaint alleged that the place where deceased was run down and killed was one where people traveling along the track were wont to pass in great numbers, which fact was known by the agents and servants of defendant, who knew that plaintiff's intestate was going to be in said place, and that the servants of defendant willfully, wantonly and intentionally backed the car on a side track at a high and dangerous speed, without giving any warning, running the same over and killing plaintiff's intestate, charged wantonness, and was not misleading in such sense as to induce defendant to believe that simple negligence was charged.

2. **Negligence; Wantonness; Instructions.**—Contributory negligence is no defense to a count charging wantonness, and charges on that issue should be refused.

3. **Witnesses; Impeachment.**—An engineer in charge of a train which killed intestate could not be impeached by proof that shortly after the accident the engineer stated that deceased ought to have been killed, as he should not have been on the track, since such statement was not part of the res gestae, and not admissible as against the railroad company in an action for killing deceased, and hence, such evidence was not properly received, although the engineer denied making the statement.

4. **Evidence; Declaration of Agent; Res Gestae.**—An agent cannot bind his principal by admissions or declarations relating to bygone transactions; hence, statements made by those in charge of a train which ran down plaintiff's intestate, made some time after the accident, are not part of the res gestae and are not admissible.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Mrs. Mary Fricks as administratrix against the Southern Railway Company, for damages for the death of her intestate. Judgment for plaintiff and defendant appeals. Reversed and remanded.

LAWRENCE E. BROWN, for appellant. MILO MOODY and S. L. SINNOTT, for appellee.

MAYFIELD, J.—This is an action under the homicide statute, to recover damages of the defendant for the wrongful death of appellee's intestate. The intestate was killed by one of the appellant's freight trains in the town of Scottsboro, Ala. The train which killed him was backing on a side track, for the purpose of leaving a tank of oil which was consigned to that station. Intestate was the agent of the oil company, the consignee of the tank of oil being delivered by the railroad, and was on the track for the purpose of designating the point on the side track at which the tank should be left, so that the oil could be stored in the tanks of the consignee. It was a disputed question, made so by both the pleading and proof, whether he was thus on the side track with the knowledge, consent, or request of the railroad company. This fact, of course, is an element to be considered in determining the duty which the defendant owed the intestate, and whether the handling and movement of the train on the occasion in question was negligent or wanton. It was also made a disputed question by the pleading and the proof whether the side track of the railroad at the place of the injury was so used by the public, by such numbers and with such frequency, as to impose on the defendant the duty of keeping a lookout for trespassers on the track at the point of the collision with intestate.

This fact of frequent use, by great numbers of pedestrians, of parts of railroad tracks in populous districts, is an element which may enter into the question whether the handling and movement of trains at such used points is negligent or wanton; and this, even though the person so using the track may be trespassers.

(1) The case was tried on one count only, which was intended by the pleader, and treated by the trial court, to state a case of wantonness or willful injury. It was demurred to by the defendant, and a great number of grounds were assigned. Those chiefly insisted upon are to the effect that the count was treated and intended as a count for wantonness or willful injury, yet the facts alleged showed at best only simple negligence. The count is not as certain in this respect as it could be made; but we deem it reasonably certain in stating a cause of action as for wanton or willful injury. It alleges the facts that the intestate was on the track with the knowledge and consent of the defendant's agents, and that with such knowledge of intestate's danger and peril they did the acts alleged, in a wanton or willful manner, which proximately resulted in the injuries complained of. It contains, among others, the following allegations of fact, and conclusions: "The plaintiff alleges that at the time and place where her intestate was so run over and killed was a place of great frequency of travel by the public where people traveling along said track were wont to be passing in great numbers, known by the agents and servants of the defendant, and, knowing that plaintiff's intestate was going to be at such place to show said servants where to place said oil car, willfully, wantonly, or intentionally backed a car or train of cars back in on said side track at a high and dangerous rate of speed, without giving any warning by ringing the bell or blowing the whistle or other signal of intention to back in on said side track, and, without having any one at said point or on the rear of the train as it came back to give warning of its approach, ran against or over plaintiff's intestate and killed him, as a proximate consequence of said wantonness of said servants and agents of defendant."

(2) This we hold to be sufficient, under our liberal rules of pleading, to charge wantonness; and, there being no attempt to charge simple negligence, the defendant could not be, and was not misled as to its defenses to such count. The pleas of contributory negligence were therefore not availing or appropriate to this count; and, as it was the sole count on which trial was

had, the court properly refused to instruct the jury as to the doctrine of contributory negligence.

Other charges were properly refused to the defendant, because they were calculated to mislead the jury as to whether or not contributory negligence would be availing as a defense.

The propositions of law announced above in this opinion have been so frequently reaffirmed that it is both useless and a waste of time and space to cite the decisions.

(3) The case must be reversed, however, because of rulings adverse to the defendant in allowing the plaintiff, over the defendant's protest, to prove the declarations of the engineer, made some time after the injury, which declarations were not a part of the res gestæ, and were therefore not admissible against his principal, this defendant. One of the recitals of the bill of exceptions as to such rulings is as follows: "Nute Bell, witness for the plaintiff, testified on rebuttal as follows: 'Just after the occurrence I detailed on the stand this morning, when this man was run over, I saw the engineer of the train. He was going back down to the train, going back down to the engine. He was just passing me talking to the railroad men.' Plaintiff's counsel then asked the witness this question: 'Did he make this remark on the occasion that day: "Damn him! he ought to have been run over; he ought not to have been on the track."' Defendant's counsel objected to the question on the ground that it was immaterial, irrelevant, incompetent, and illegal and hearsay evidence, and not a part of the res gestæ, and not asked according to the predicate laid. The court overruled the objection, and defendant's counsel duly excepted. The witness answered: 'Yes, sir, I heard him say "Damn him! he ought to have been killed; he ought not to have been on the track."'"

The predicate laid for this evidence was as follows: "The plaintiff's attorney then asked the witness (engineer) this question: 'After that man was run down and after you got on your engine a few minutes afterwards, didn't you say to some brakeman on your train, and in the hearing of Nute Bell, make the remark that "Damn him! he ought to have been killed; he ought not to have been on the track?"' Defendant's counsel objected to the question for the reason that no sufficient predicate had been laid; that it called for immaterial testimony, and was an attempt to prove the remark of the engineer and not a part of the res gestæ. The court overruled the objection, and the de-

fendant's counsel duly excepted to the ruling of the court. Witness answered, 'No, sir; I did not make that remark.' The defendant's counsel moved to exclude the answer on the same ground assigned to the question. The court overruled the motion, and permitted the answer in evidence, and the defendant's counsel duly excepted."

(4) The trial court probably allowed this evidence on the theory that it was competent to impeach or discredit the witness of the defendant, by showing contradictory statements. This theory fails, however, for the reason that if the witness had in fact declared on the time and occasion inquired about, what the plaintiff's witness says he did, it would not be admissible or competent against his principal, this defendant. If the witness had been on trial, and his animus or feeling toward the deceased, living or dead, had been the subject of inquiry, his declarations as to such matters might be admissible. The rule in such cases was stated by this court in the case of *Smith v. State*, 183 Ala. 10, 62 South. 864. The distinction is that the declarant is not here on trial, and that the defendant is not responsible for, and cannot control, his words or actions, except as and when he is in the discharge of his duties, and when they form a part of the res gestæ. The rule in cases like the one before us is probably best stated in *Hawk's Case*, 72 Ala. 112, 47 Am. Rep. 403. In that case it is said:

"The objection to the testimony of the witness Allison should have been sustained. This witness was permitted to testify to the jury that, 'a few minutes after the plaintiff had been hurt, the conductor asked the engineer why he did not respond to the bell call; and the engineer answered that he did respond to all the bell calls he heard.' To the admission of this evidence the defendant duly excepted. The rule is well established that it is not within the scope of an agent's authority to bind his principal by admissions having reference to bygone transactions. The only ground upon which the admissibility of an agent's declarations can be justified is that they must have been made while in the discharge of his duties as agent, and be so closely connected with the main transaction in issue as to constitute a part of the res gestæ.—*Mobile & Mont. R. R. Co. v. Ashcraft*, 48 Ala. 15; *Tanner's Ex'r v. L. & N. R. R. Co.*, 60 Ala. 621; *Robinson v. Fitchburg & W. R. R. Co.*, 7 Gray (Mass.) 92; *Baldwin v. Ashby*, 54 Ala. 82; 1 Brick. Dig. p. 63, §§ 160-162. * * * In *Luby*

*v. Hudson River R. R. Co.,* 17 N. Y. 131, supra, the declarations of the driver of a street car, made after an accident had occurred and the car had been stopped, but before he had left it, to the effect that he could not stop the car because the brakes were out of order, were ruled to be mere hearsay and inadmissible. In *Adams v. Hannibal, etc., R. R. Co.,* 74 Mo. 553, s. c. 41 Amer. Rep. 333, the court, for a like reason, excluded the declarations of the engineer and fireman of the train, made immediately after the deceased was struck and the train was stopped, showing that the accident was occasioned by the negligence of the engineer. The case is clearly analogous to the present one, and the views of the court, after a clear and instructive review of the cases, fully accord with the conclusion reached by us, and the reason upon which that conclusion is based. Our conclusion is that the declarations of the conductor and engineer cannot, under a proper application of these principles, be regarded as a part of the res gestæ of the accident resulting in the injury to plaintiff. The time—'a few minutes'—does not appear to be so proximate to the main transaction, nor are the declarations made otherwise so closely connected with it, as an elucidating circumstance, as to justly authorize the conclusion that they are not merely narrative of a past occurrence, which at the moment was finished and complete.—Thompson on Carriers of Passengers, pp. 557-8."

Declaration of a fireman to the engineer, immediately after running the engine over a mule, "You knocked one off on this side," is not admissible against their principal, unless it was a part of the res gestæ.—*Railroad Co. v. Sistrunk,* 85 Ala. 353, 5 South. 79.

Agents or officers of companies cannot bind such companies by admissions or declarations as to past transaction.—*Railroad Co. v. Davis,* 91 Ala. 621, 8 South. 349; *Railroad Co. v. Cogsbill,* 85 Ala. 456, 5 South. 188; *Railroad Co. v. Carl,* 91 Ala. 272, 9 South. 334; *Danner v. Stonewall Co.,* 77 Ala. 184.

Declarations of a depot agent that plaintiff's goods were burned up in the car are not admissible against the agent's principal, when sued for the goods.—*Railroad Co. v. Carl, supra.*

For the error indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.