# Providence Life & Accident Insurance Co. v. Black.

### Assumpsit.

(Decided January 9, 1917.  73 South. 757.)

1. **Witnesses; Impeachment; Conviction.**—In view of the provision of § 4009, Code 1907, it was error to sustain an objection to a question asked plaintiff's witness on cross examination touching a conviction under § 6215, Code 1907.

2. **Evidence; Conversation.**—Where a witness was merely interrogated as to the fact of a conversation between him and a physician, but not as to what was said in said conversation, this was not such a predicate as authorized the introduction of the conversation as to what the physician said therein.

3. **Insurance; Evidence.**—The fact that there was a doctor practicing in the neighborhood and living within a mile of plaintiff, was not a material inquiry in an action on an accident policy.

4. **Evidence; Admissions.**—An admission by an applicant for an accident policy that he was a farm foreman would necessarily be limited to the time when it was made, and was not an admission that this was his occupation when he was subsequently injured by accident.

5. **Charge of Court; Applicability to Evidence.**—Where there was no evidence that plaintiff was employed as a farm foreman at the time he was injured by accident, a charge that if plaintiff's occupation was that of foreman on a farm, he could only recover for such period as he was disabled from performing sundry important daily duties pertaining to the occupation of foreman on the farm, was abstract and erroneous.

6. **Trial; Argument of Counsel.**—Where the effect of a representation as to plaintiff's occupation upon the risk was not an issue in the case the action of the court in arresting argument by defendant's counsel as to that matter was not erroneous.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by A. P. Black against the Provident Life & Accident Insurance Company of Chattanooga, Tenn., to recover upon an indemnity policy. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The charge refused to defendant was as follows:

If you believe from the evidence that plaintiff's occupation was that of foreman on a farm, then plaintiff could only recover for such period as he may have been disabled by accident from performing some important daily duty pertaining to the occupation of foreman on a farm.

In addressing the jury defendant's counsel said:

When plaintiff was making an application, and when the occupation that he gave doubtless had something to do with the rate they named him, then he claimed to be a farm foreman.

KNOX, ACKER, DIXON & STERNE, for appellant. CHARLES F. DOUGLASS, for appellee.

BROWN, J.—(1) On cross-examination of the witness Dr. Thomas, who had testified in behalf of the plaintiff as to the character, extent, and duration of his alleged injuries, he was asked by the defendant's counsel: "Were you not convicted in this court on November 5, 1907, of the offense of criminally using or employing means to procure the miscarriage of a pregnant

woman?" and, on objection being made to the question on the ground that the question "called for immaterial, incompetent, and irrelevant testimony," stated to the court that the answer to the question would be in the affirmative, and that it was offered to impeach the credibility of the witness. The court sustained the objection, and in the ruling committed reversible error. —Code 1907, § 6215; Code 1907, § 4009; *Moore v. State,* 12 Ala. App. 243, 67 South. 789; *Fuller v. State,* 147 Ala. 37, 41 South. 775.

(2) It does not appear that plaintiff's counsel asked the witness Barnes to state any part of a conversation between witness and Dr. Moore, but the witness was merely interrogated as to the fact of such conversation taking place, but not what was said. On this predicate, the defendant was not entitled to show what Dr. Moore said in the conversation with the witness.— *M., J. & K. C. R. R. Co. v. Hawkins,* 163 Ala. 565, 51 South. 37.

(3) The fact that there was a doctor practicing medicine in the neighborhood living within one mile of the plaintiff was not material to any issue in the case, and had no tendency to show that plaintiff was not injured.

(4, 5) Even if it be conceded that the statement by the plaintiff in the application that he was a "farm foreman" was an admission by him of a fact, the admission would necessarily be limited to the time it was made. It was not an admission that this was his occupation when he was injured by accident. Under the evidence in this case, the charge refused to the defendant, if otherwise correct, was abstract.

(6) If the representation as to the plaintiff's occupation in any way affected the risk, the issue was not presented in this case, and the ruling of the court in arresting the argument of defendant's counsel was free from error.

For the error pointed out, the judgment is reversed.

Reversed and remanded.