(85 South. 428)

**JONES v. CENTRAL OF GEORGIA RY. CO. (4 Div. 871.)**

(Supreme Court of Alabama. April 8, 1920.)

**1. Evidence ⚙═121(12)—Conversation between porter and passenger injured when train started not res gestæ.**

In an action by a passenger for injuries due to sudden starting of a train when plaintiff was entering at a station, a conversation between plaintiff and the porter who signaled to start the train *held* not res gestæ.

**2. Evidence ⚙═155(10)—Conversation between passenger and porter not admissible on theory part elicited by defendant.**

Where on cross-examination of plaintiff passenger suing for injuries she interjected a

---

statement as to having complained to a porter, who signaled to start the train, which caused her injury, no part of the conversation between her and the porter having been called for by defendant railroad, or even given by plaintiff passenger as a witness, admission of testimony detailing the conversation could not be justified by recourse to the rule permitting the whole conversation to be developed, where part has been elicited by the opposite party.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by Ocie L. Pickett Jones against the Central of Georgia Railway Company for damages for personal injuries. Judgment for plaintiff was set aside on defendant's motion for new trial, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Chas. A. Calhoun, of Birmingham, and Farmer, Merrill & Farmer, of Dothan, for appellant.

The court erred in setting aside the verdict on the grounds alleged. 32 Ala. 375; 94 Ala. 514, 10 South. 391; 92 Ala. 289, 9 South. 169; 124 Ala. 177, 26 South. 937; 131 Ala. 10, 31 South. 569; 33 Ala. 481; 25 N. Y. 170, 82 Am. Dec. 337.

Reid & Doster, of Dothan, for appellee.

The court properly set aside the verdict. 158 Ala. 492, 48 South. 119; 93 Ala. 181, 9 South. 577; 97 Ala. 214, 12 South. 176; 117 N. Y. 131, 22 N. E. 563; 91 Ala. 621, 8 South. 349; 91 Ala. 272, 9 South. 334; 77 Ala. 184; 196 Ala. 66, 71 South. 701.

McCLELLAN, J. This appeal is from an order granting defendant's (appellee's) motion for a new trial. The plaintiff's (appellant's) physical injuries were attributed to the sudden starting of defendant's passenger train, in response to a signal of the porter, while plaintiff was entering the train at a station. On cross-examination of the plaintiff she was asked by defendant's counsel if she made to the conductor any complaint with respect to her injury; the design of the question being to elicit testimony reflecting upon the plaintiff's previous assertion that she was injured. She replied thereto that she made no complaint to the conductor, but that she did complain to the porter; that she "got after the porter." The reference to the porter was without the range of the question indicated; but the witness, appreciating, doubtless, the design of the question, interjected her statement that she did complain to the porter, a complaint or reprimand that was made after the injury, after the train was on its way. No motion to exclude this matter was made during the cross-examination of the plaintiff. So no ruling in that respect was invoked or made by the court. On redirect examination of the plaintiff the bill of exceptions recites:

"Now at the time you were injured, did you tell the porter anything about it?" The attorney for the defendant objected to this question; and thereupon plaintiff's attorney stated to the court with reference to this question and objection that defendant had brought out the fact that plaintiff did not tell the conductor about her injuries, if she had received any, and that such testimony was for the purpose and, carried to the jury the impression, and created the unfavorable influence with the jury, that if plaintiff was in fact injured she would have said as much, or told as much, to the conductor; that the porter being in charge of plaintiff's coach and she made complaint to the porter of her injury and how it happened would tend to relieve and rebut the unfavorable inference created that she said nothing to the conductor about her injury; and that this testimony was not offered to bind the railroad company as to how the transaction occurred, but to keep the plaintiff from being bound by not saying anything about her injury to the conductor, at the time it occurred or right afterwards, as testimony tending to show that she in fact was not hurt. The court overruled defendant's objection, and defendant objected; the witness answered: "I did."

Plaintiff then asked the witness this question: "What did you say to the porter and what did the porter say to you?" The defendant objected to this question, because: (1) The question calls for illegal, incompetent, inadmissible, and irrelevant testimony; and because (2) the question calls for hearsay testimony; and (3) because what the plaintiff said to the porter of defendant's train could not bind the defendant. The court overruled the objection, and the defendant excepted, and the witness answered: "I told him that he did not stop long enough for me to get on the train, and I told him that he liked to have got me killed, and he said that he did not have time to stop and fool with me, and he walked on and would not stop to hear what I had to say." The defendant made motion to exclude the foregoing answer of the witness, and assigned the same grounds for the motion that it did to its objection to the question; and the court overruled this motion, and defendant objected."

[1, 2] The second ground of the motion for new trial was based upon the matter recited ante in response to the last question propounded and allowed over defendant's objection, to the plaintiff on redirect examination; and the action of the court in granting the motion for new trial is referred, in the briefs of counsel, to that matter. There is nothing in the recitals of the bill of exceptions that would authorize the conclusion that the conversation between the plaintiff and the porter was of the res gestæ of the plaintiff's injury. Richmond R. R. Co. v. Hammond, 93 Ala. 181, 185, 186, 9 South. 577; Mobile, etc., Co. v. Baker, 158 Ala. 491, 495, 48 South. 119; Southern Ry. Co. v. Fricks, 196 Ala. 61, 65, 66, 71 South. 701. So, if the court did not err in allowing the testimony of the plaintiff reciting this conversation—contradictory of the view leading to the granting of

the motion for new trial—that conclusion cannot be predicated of the idea that this conversation was otherwise than the recital of a past transaction; was not of the res gestæ of the event under investigation. It is also insisted that the retail of the conversation with the porter was but the elaboration and full explanation of a matter (conversation) already brought out by the defendant's counsel on cross-examination of the witness. Fairly interpreted, the record will not admit of that construction. On the cross-examination the plaintiff interjected the statement of a fact, not a part of a conversation, viz. that, while she did not complain to the conductor, she did complain to the porter. That was the whole effect of the plaintiff's testimony in this connection on her cross-examination by defendant's counsel. No part of the conversation having been called for by defendant or even given by the witness, the admission of testimony detailing what was said by plaintiff and by the porter could not have been justified by recourse to the rule that permits the whole of a conversation to be developed where a part has been drawn out by the opposite party. The action of the court in granting a new trial was well taken.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.