(96 South. 193)

## DIXIE PRATT COAL MINING CO. v. ARRANT INS. AGENCY. (6 Div. 863.)

(Supreme Court of Alabama. April 26, 1923.)

**Appeal and error ⚖︎1040(11)—Order overruling a motion for new trial not reviewable, in absence of bill of exceptions.**

Under the presumption that, where there is no bill of exceptions in the record, the evidence justified the trial judge in giving the general affirmative charge for plaintiffs on one or more of the common counts of the complaint, prejudicial error cannot be imputed to its action in overruling demurrers to special counts of the complaint which imperfectly set up the contract, and the action of the trial court in overruling a motion for a new trial cannot be reviewed.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by the Arrant Insurance Agency against the Dixie Pratt Coal Mining Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, § 6, p. 449. Affirmed.

This action was begun in the municipal court of Birmingham to recover $100 due by account from defendant to plaintiffs. Plaintiffs recovered judgment for that amount, and defendant appealed to the circuit court, where the complaint was amended by the addition of two other common counts, and a special count declaring on the breach of a contract by which defendant agreed to pay a premium on an insurance policy issued to defendant, which obligation is the property of plaintiffs.

Defendant demurred to this special count on various grounds, which were overruled; and, on the testimony adduced, the trial judge gave for plaintiffs the general affirmative charge, and there were verdict and judgment accordingly.

The appeal is on the record proper, no bill of exceptions appearing.

Powell & Powell, of Birmingham, for appellant.

Counsel argue the rulings on demurrers to the special counts, but in view of the decision it is not necessary to set out the brief.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

There being no bill of exceptions, the appellate court will not review the rulings on demurrer, the giving of the affirmative charge, or ruling on motion for new trial. Supreme Court rule 45 (61 South. vii); Acts 1919, p. 722; Birmingham W. W. Co. v. Justice, 204 Ala. 547, 86 South. 389; Stokes v. Hinton, 197 Ala. 230, 72 South. 503.

SOMERVILLE, J. There being no bill of exceptions in the record, we must presume that the evidence justified the trial judge in giving the general affirmative charge for plaintiffs on one or more of the common counts. Such being the presumption—

"prejudicial error cannot be imputed to the action of the trial court in overruling demurrers to several special counts of the complaint which imperfectly set up the contract." Barnes v. Marshall, 193 Ala. 94, 98, 69 South. 436, 438; Finney v. Newson, 203 Ala. 191, 82 South. 441.

For the same reasons, the action of the trial court in overruling the motion for a new trial cannot be reviewed.

The appellant wholly fails to show prejudicial error in the rulings complained of, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

(96 South. 184)

## Ex parte THOMAS. (3 Div. 615.)

(Supreme Court of Alabama. April 26, 1923.)

Certiorari to Court of Appeals.

J. T. Thomas was convicted of crime, and petitions for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in his said case. 96 South. 182.

Brassell, Brassell & Brassell, of Montgomery, for petitioner.
Harwell G. Davis, Atty. Gen., opposed.

THOMAS, J. Writ denied.