(97 South. 93)

## ALLEN v. BIRMINGHAM SOUTHERN R. CO. (6 Div. 755.)

(Supreme Court of Alabama. May 3, 1923. Rehearing Denied June 14, 1923.)

1. **Appeal and error ⊂⇒719(4), 1078(3)—Ruling on demurrer not assigned as error nor argued will not be considered.**

Where the judgment of the trial court sustaining demurrers to a count of a declaration is not assigned as error and not argued by appellant, it will not be considered by the Supreme Court.

2. **Damages ⊂⇒91(3)—Hospital and medical expenditures are compensatory damages recoverable for wanton negligence.**

Expenditures for hospital services, doctor services, and medicine, which are claimed in a declaration for personal injuries, are compensatory damages and can be recovered, if proved, under a wanton conduct count.

3. **Appeal and error ⊂⇒1068(5)—Error in charges as to damages harmless where verdict was for defendant.**

Error in refusing proper requested charges as to the damages which might be recovered was not prejudicial, where the verdict was in favor of the defendant.

4. **Railroads ⊂⇒339(2)—Contributory negligence no defense to count charging wanton negligence.**

Contributory negligence of the plaintiff is no bar to his right to recover under a count charging wanton conduct by defendant's servant operating train if the charge was true.

5. **Appeal and error ⊂⇒1066—Trial ⊂⇒248—Giving abstract charges not prejudicial unless they were misleading, and failure to give abstract charge not reversible error.**

The trial court will not be reversed for refusing to give abstract charges, nor will it be reversed for giving such charges unless it appears that the jury were thereby misled to the prejudice of appellant.

6. **Appeal and error ⊂⇒1066—Giving 17 charges on contributory negligence where only wanton conduct was relied on was prejudicial.**

Where the only count of the declaration submitted to the jury charged wanton conduct by defendant's servants which resulted in plaintiff's injury, so that contributory negligence was no defense, the giving of 17 instructions on the contributory negligence of plaintiff in attempting to cross in his automobile the track of defendant without stopping, looking, and listening was calculated to mislead the jury to believe that contributory negligence was a defense and was prejudicial to plaintiff.

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Railroads ☞351(23)—Charge contributory negligence, which was sole proximate cause of injury, was defense to wanton negligence, is erroneous.**

Where the only 'count submitted to the jury charged wanton conduct by defendant's servants operating train at crossing, and there was no plea of contributory negligence submitted, it was error to give a written charge that, if plaintiff failed to exercise proper care and his failure to do so was the sole proximate cause of his injuries, the verdict should be for defendant, which made the contributory negligence of plaintiff, which was not in issue, a defense to the wanton conduct if it was the sole proximate cause of the injuries.

**8. Trial ☞237(1)—Charge plaintiff cannot recover if all testimony leaves minds in state of confusion is misleading.**

A charge that if, after considering all the testimony, the jurors' minds are left in a state of confusion, they cannot find for plaintiff, should have been refused as misleading.

**9. Appeal and error ☞1064(1) — Misleading charge as to weight of evidence held not prejudicial.**

Though a charge that the jury could not find for plaintiff if, after considering all the testimony, their minds were in a state of confusion, should have been refused as misleading, the giving of such charge was not error prejudicial to plaintiff.

**10. Trial ☞237(3)—Given charges held to place too high a degree of proof on plaintiff.**

Charges given at request of defendant to the effect that if, after considering all the evidence, the jurors' minds are in a state of doubt and confusion as to whether plaintiff is entitled to recover, they must find for defendant, were erroneous as placing too high a degree of proof on plaintiff.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by Claude A. Allen against the Birmingham Southern Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Charges 5, 13, and 15, given for defendant, are as follows:

"I charge you, gentlemen of the jury, that if, after considering all of the testimony in this case, your minds are left in a state of confusion as to whether or not the plaintiff should recover in this case, you cannot find for the plaintiff."

"If, after considering all of the evidence, any individual juror finds that his mind is in a state of doubt and confusion as to whether the plaintiff is entitled to recover or not, then you cannot find for the plaintiff.

"If, after considering all of the evidence in this case, you find your minds are in a state of doubt and confusion as to whether the plaintiff is entitled to recover or not, then you must find for the defendant."

Charles A. Calhoun and John T. Glover, both of Birmingham, for appellant.

It is reversible error to give to the jury charges which submit to the jury issues not raised by the pleadings and evidence. Alexander v. Smith, 180 Ala. 541, 61 South. 68; Sou. Ry. v. Lawler, 11 Ala. App. 241, 65 South. 857; Ex parte Sou. Ry., 191 Ala. 663, 66 South. 1009; West v. Spratling, 204 Ala. 478, 86 South. 32. Contributory negligence is no defense to a count charging wantonness, and charges on that issue, where wantonness is the only count, should be refused. Sou. Ry. v. Fricks, 196 Ala. 61, 71 South. 701; Ala., etc., R. R. Co. v. Russey, 190 Ala. 239, 67 South. 445; Sou. Ry. v. McFarlin, 174 Ala. 637, 56 South. 989. Charges predicated on doubt or confusion in the minds of the jury should be refused. Am. Tar Prod. Co. v. Jones, 17 Ala. App. 481, 86 South. 113; A. G. S. v. Robinson, 183 Ala. 265, 62 South. 815. Compensatory damages are recoverable under a wanton count. Payne v. Smitherman, 206 Ala. 591, 91 South. 575; Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 South. 75.

Goodwyn & Ross, of Bessemer, and Percy, Benners & Burr, of Birmingham, for appellee.

It is not error to give or refuse abstract or misleading charges which state correct propositions of law. Plott v. Foster, 7 Ala. App. 402, 62 South. 299; Hammond v. State, 147 Ala. 79, 41 South. 761; Henningburg v. State, 153 Ala. 13, 45 South. 246; Fitzpatrick v. McLaney, 153 Ala. 586, 44 South. 1023, 127 Am. St. Rep. 71; C. of Ga. v. Hyatt, 151 Ala. 355, 43 South. 867. It is not error to give or refuse charges predicated on doubt or confusions. Green v. B. R., L. & P. Co., 187 Ala. 508, 65 South. 781. Where the jury find no damages, the giving or refusal of charges as to special damages is not error. Walker v. Smith, 199 Ala. 514, 74 South. 451; Hamilton v. Cranford Mer. Co., 201 Ala. 403, 78 South. 401.

MILLER, J. The appellant, Claude A. Allen, sues the appellee, the Southern Railroad Company, a corporation, to recover for personal injuries and injuries to his automobile, caused by a collision at a crossing of the defendant's railroad track on the public road leading from Birmingham to a resort at West Lake.

There were four counts in the complaint. Counts 1 and 2 relied upon simple negligence for a recovery. Count 3 relied for recovery upon the alleged wanton acts of the servant or agent of the defendant, whose name is unknown to the plaintiff, while acting within the line and scope of his authority as such in the operation of the train, etc. Count 4 relied for recovery upon the alleged willful, wanton, or intentional wrong of the defend-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ant's servants or agents while acting within the line and scope of their employment, etc. The plaintiff withdrew counts 1 and 2. Demurrers were overruled by the court to count 3, and sustained as to count 4.

The cause was submitted to the jury under count 3, and the general issue filed to it by the defendant. The jury returned a verdict in favor of the defendant and judgment was rendered thereon by the court, from which judgment the plaintiff prosecutes this appeal.

[1] The judgment of the court sustaining demurrers of the defendant to count 4 is not assigned as error, and is not argued by appellant, so it will not be considered by this court. Erwin v. Reese, 54 Ala. 589; 1 Michie, Dig. p. 465. § 719 (1) and (4).

Count 3 alleges that plaintiff on July 8, 1920, while occupying and driving his automobile along a public road about a mile west of the town of Brighton, was engaged in crossing a railroad track used by defendant for its business, and while crossing said track a train or some part of a train of defendant struck plaintiff's automobile, breaking and crushing it, and also breaking two ribs of plaintiff, lacerating his head, etc. This count also contains the following averments:

"That the injuries aforesaid to his person and to his said automobile were proximately caused by reason and as a direct consequence of the wanton acts of the servant or agent of the defendant, whose name is to the plaintiff unknown, while acting within the line and scope of his authority as such in the operation of said train along and over said railroad track at said point at the time and place of the said collision of said train, or some part thereof, with plaintiff's said automobile, to the plaintiff's damage aforesaid."

The public road and the railroad track each approached the crossing in a deep cut, "the embankment of which obscured the vision of both the trainmen and the plaintiff until both were practically upon the crossing." The plaintiff testified:

"I did not stop completely for the crossing, and I never did get any slower down than five miles to eight miles an hour when I was crossing the railroad. * * * I only saw the train when it was an arm's length from me. I glanced both ways just as I got on the track, and the next minute the train hit me. I do tell the jury that I didn't see the train until it was an arm's length from me."

[2] Written charges 3, 4, and 8, requested by the defendant, were given by the court; they are assigned separately, but argued jointly. These charges instruct the jury that plaintiff could not recover for "hospital service," "doctor's services," and "for medicine." These are compensatory damages; they are claimed in count 3 of the complaint, and they can be recovered, if proven, under a wanton negligence count. Payne v. Smith-

erman, 206 Ala. 591, headnote 3, 91 South. 575; Clinton Min. Co. v. Bradford, 200 Ala. 308, headnote 13, 76 South. 74.

[3] There was evidence tending to show that plaintiff on account of the injuries incurred liability for hospital services, doctor's services, and for medicine. These charges (3, 4, and 8) should have been given by the court; but in this case it was not reversible error to refuse them, as the jury by their verdict found the defendant's servant was not guilty of wanton negligence. The verdict was in favor of the defendant, and plaintiff was not entitled to recover any damages. Wilson Bros. v. M. & O. R. Co., 208 Ala. 581, 94 South. 721, headnote 5.

[4] The court gave the jury at defendant's request charges Nos. 12, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 33. These charges are separately assigned as errors, but they are grouped and treated jointly in brief. Each charge relates to and charges on the contributory negligence of the plaintiff. Count 3, which was a wanton negligence count, was the only one submitted to the jury. The contributory negligence of the plaintiff, if any, was no bar to the right of plaintiff to recover for the wanton conduct, if true, of the defendant's servant while acting in the line and scope of his employment. As the wanton count was the sole one on which the trial was had, the court could have properly refused to instruct the jury as to the contributory negligence doctrine. A. G. S. R. Co. v. Russey, 190 Ala. 239, headnote 2, 67 South. 445; Southern Ry. Co. v. Fricks, 196 Ala. 61, 71 South. 701; A. G. S. R. Co. v. McFarlin, 174 Ala. 637, headnote 6, 56 South. 989.

[5] There is evidence to support these charges, but they are abstract when considered in connection with the real issue. The trial court will not be reversed for refusing to give abstract charges, and the trial court will not be reversed for giving abstract charges, "unless it appears that the jury were thereby misled to the prejudice of the appellant." Fitzpatrick v. McLaney, 153 Ala. 586, headnote 9, 44 South. 1023, 127 Am. St. Rep. 71.

In this court, in Southern Ry. Co. v. Fricks, 196 Ala. 64, 71 South. 702, the following was written:

"Other charges were properly refused to the defendant because they were calculated to mislead the jury as to whether or not contributory negligence would be availing as a defense."

[6] The court gave the above-mentioned 17 written charges on the subject of contributory negligence of the plaintiff. Whether all of them stated correctly that doctrine we need not decide. The evidence of the plaintiff showed he was guilty of contributory negligence in attempting to cross in his automobile the track of the defendant, on which cars and locomotives were liable to be mov-

ing, without first stopping, looking, and listening for the approaching engine of the defendant before going on the track. L. & N. R. R. Co., v. Williams, 172 Ala. 560, headnote 2, 55 South. 218; 11 Michie, Dig. 345, § 139 (1). These numerous charges on that subject unduly brought before the jury the contributory negligence of the plaintiff; they were calculated to mislead the jury as to whether his contributory negligence was a defense to the only count, which was a wanton one, in the complaint, and we are under these circumstances constrained to hold the court erred in giving them.

[7] Written charge 32 was given by the court at defendant's request. and is as follows:

"I charge you, gentlemen of the jury, that the law imposes the duty on Claude A. Allen before crossing or attempting to cross a railroad track to stop, look, and listen, and if you find from the evidence in this case that the said Claude A. Allen failed to do this, and that his failure so to do was the sole proximate cause of his alleged injuries and damage, then your verdict should be for the defendant."

The court erred in giving this charge. There was no plea of plaintiff's contributory negligence in this case as submitted to the jury. That issue was not before them, and this charge improperly directed a verdict for defendant if the jury found plaintiff was guilty of contributory negligence. and if it was the sole proximate cause of his alleged injuries. This charge made the contributory negligence of the plaintiff. which was not in issue, a defense to the wanton conduct count of the complaint, if it was the sole proximate cause of the injuries. A. G. S. R. Co. v. Frazier, 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; L. & N. R. R. Co. v. Watson, 90 Ala. 68, 8 South. 249.

[8, 9] Written charge 5 requested by the defendant was given by the court. This charge should have been refused by the court because misleading, but this court has practically held it was not reversible error to give it, as it could be explained by counter charges. Hoffman v. B. R. L. & P. Co., 194 Ala. 31, headnote 4, 69 South. 551.

[10] Written charges like 13 and 15, given by the court at defendant's request, have been condemned by this court, and should not have been given by the court. They place too high a degree of proof on the plaintiff. Monte v. Narramore, 201 Ala. 200, 77 South. 726; A. G. S. R. Co. v. Robinson, 183 Ala. 265, 62 South. 813.

For the errors mentioned, the judgment is reversed, and the case remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.