105 So.2d 659

Marion B. **NELLIS**

v.

Lovick **ALLEN.**

1 Div. 696.

Supreme Court of Alabama.

Oct. 9, 1958.

J. B. Blackburn and Jas. R. Owen, Bay Minette, for appellant.

Chason & Stone, Bay Minette, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment in a suit to recover commission allegedly due a real estate broker. The complaint as amended contains two counts: Count 1 in Code form for work and labor done, and Count 2 as follows:

"The Plaintiff claims of the Defendant the sum of Two Thousand Five

Hundred Dollars ($2,500.00) as damages for the breach of an oral agreement entered into on, to-wit: the first day of September, 1953, by and between the Plaintiff and the Defendant in and by the terms of which the Defendant employed the Plaintiff to procure for her a purchaser for the following described real property situated in Baldwin County, Alabama, viz.:

"The East 200 feet of the West 1294.85 feet of that part of the Northwest fractional quarter of Section 33, Township 7 South, Range 3 East, lying North of Magnolia River, (formerly called East Prong of Fish River) and South of the North 250 feet of said Northwest fractional quarter together with the improvements located thereon. and agreed to pay the Plaintiff for procuring such purchaser the 'usual commission' paid to real estate brokers in the locality and immediate area based upon the purchase price for which the Defendant might sell said property to such purchaser: and the Plaintiff avers that he, a licensed real estate broker, in accordance with said agreement, procured a purchaser for said property and the improvements thereon within a reasonable time from the date of said agreement and that the Defendant sold said property to John M. Mosely and Mary Scott Carruth Mosely, the purchasers procured by the Plaintiff, for a large sum of money, to-wit: Fifty Thousand Dollars ($50,000.00). And the Plaintiff further avers that the 'usual commission' paid to real estate brokers in the locality and immediate area in which said property is situated for procuring a purchaser for improved real estate is Five Per cent. (5%) of the purchase price, and that although the Plaintiff has made demand upon the Defendant for the payment due him of the sum of Two Thousand Five Hundred Dollars ($2,500.00) that the Defendant has failed and refused and continues to fail and refuse to pay such amount, wherefore Plaintiff brings this suit and asks judgment in the above amount."

A demurrer to Count 2, as amended, was overruled and trial resulted in a verdict of $2,500 for the plaintiff.

■ Appellant's first contention is that the demurrer to Count 2, as amended, should have been sustained. Assuming without deciding that Count 2 is subject to demurrer, we have held that where a verdict is general, as in this case, and may be referred to a common count, the action of the trial court in overruling defendant's demurrer to Count 2 is without prejudice to the defendant. Latter v. Schwarz, 223 Ala. 438, 137 So. 27; Dixie Pratt Coal Mining Co. v. Arrant Ins. Agency, 209 Ala. 289, 96 So. 193; Finney v. Newson, 203 Ala. 191, 82 So. 441; White v. Jackson, 36 Ala.App. 643, 62 So.2d 477.

Abercrombie v. Pell, 235 Ala. 396, 179 So. 371, is readily distinguishable from the case at bar. There, one count was ex delicto and the other ex contractu, and a question of personal property exemption was involved.

Appellant's next assignment of error is that the trial court committed reversible error in allowing plaintiff's wife, Mrs. Lovick Allen, to testify, on redirect examination, as to the substance of a conversation after the appellant brought out on cross-examination that a conversation had taken place. The pertinent part of the testimony is set out:

"Q. After that date were you present at any time when your husband discussed the sale of this Nellis property to the Mosleys [sic]? A. Yes.

"Q. When? A. Well one time was at a Cafe—At the Canel Cafe when the Mosleys [sic] came over to visit and they talked about this at the dinner table.

"Q. Can you give us a date on that? A. Well it was during the week of New Years.

"Q. What year? A. Well '53–54."

On redirect examination, the following occurred:

"Q. You say that Doctor Mosely discussed the sale of this property with your husband during the week of New Years 1953–54 at the Canel Cafe? A. That is right.

"Q. Do you remember what was said, in substance?

"Mr. Blackburn: We object to that, on the ground that it is irrelevant, incompetent and immaterial, and it is hearsay. It is not shown that Mrs. Nellis was present at the time of the conversation.

"Mr. Chason: Mr. Blackburn brought it out.

"The Court: Didn't you bring it out?

"Mr. Blackburn: About a meeting— not what happened.

\*  \*  \*  \*  \*  \*

"The Court: Overrule the objection.

"Mr. Blackburn: Except.

"Q. Do you remember, in substance, what was said at that time? A. I don't remember the exact words, but the substance—

"Mr. Blackburn: We object—

"Mr. Stone: Let her answer.

"The Court: Do you remember the conversation?

"Witness: I remember the substance.

"Mr. Blackburn: Object to the substance, first on the grounds that it is irrelevant, incompetent and immaterial; second, on the ground that it is hearsay, and third, it is not shown that Mrs. Nellis was present at the time the statement was made.

"The Court: Overrule the objection. You brought it out in part.

"Mr. Blackburn: I except.

"Q. What, in substance, was said?

"Mr. Blackburn: Object on the grounds previously stated.

"The Court: Overrule the objection.

"Mr. Blackburn: We except.

"A. They were wondering if Lovick could get the property any cheaper than the original price asked."

■ There is a difference between the rule that allows all of a conversation that is relevant and material to be brought out when part of the conversation has been previously introduced and the one where there has been testimony that a conversation took place. The former is admissible even though it be hearsay. Clancy Lumber Co. v. Howell, 260 Ala. 243, 70 So.2d 239. The latter is not admissible. As was said in Jones v. Central of Georgia Ry. Co., 204 Ala. 148, 85 So. 428, 429:

"\*  \*  \* It is also insisted that the retail of the conversation with the porter was but the elaboration and full explanation of a matter (conversation) already brought out by the defendant's counsel on cross-examination of the witness. Fairly interpreted, the record will not admit of that construction. On the cross-examination the plaintiff interjected the statement of a fact, not a part of a conversation, viz. that, while she did not complain to the conductor, she did complain to the porter. That was the whole effect of the plaintiff's testimony in this connection on her cross-examination by defendant's counsel. No part of the conversation having been called for by defendant or even given by the witness, the admission of testimony detailing what was said by plaintiff and by the porter could not have been justified by recourse to the rule that permits the whole of a conversation to be developed where a part has been drawn out by the opposite party. \*  \*  \*"

To the same effect are Nelson v. Lee, 249 Ala. 549, 32 So.2d 22, and Providence

**262**

Life & Accident Ins. Co. v. Black, 15 Ala.App. 437, 73 So. 757.

The principal litigated question in the case was the employment of appellee by the appellant, as a real estate broker, to sell her property. Appellant and Dr. Mosely, the purchaser, testified emphatically that he was not so employed and did not produce the purchaser. Appellee's testimony was in direct conflict. The testimony of appellee's wife, set out above, was clearly hearsay, but carried a strong inference to support the theory that appellee was so employed and did produce the purchaser.

We cannot say that it was not prejudicial error to allow Mrs. Allen to testify as to the substance of the conversation. For the error pointed out, the cause is due to be reversed and remanded.

Reversed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.