(98 South. 1)

**SOUTHERN RY. CO. v. LIME COLA BOT-
TLING CO. et al.   (6 Div. 975.)**

(Supreme Court of Alabama.   Nov. 15, 1923.)

1. Negligence ⊛⟹119(6)—Count for simple negligence allows proof of and recovery for subsequent negligence.

A count charging simple negligence allows proof of and recovery for negligence subsequent to discovery of plaintiff's peril, if the proximate cause of the injury.

2. Appeal and error ⊛⟹301, 719(1)—Error not mentioned in motion for new trial and not assigned in transcript as required by court rule not considered.

Overruling objection to and motion to exclude argument, urged as error in appellant's brief but not mentioned in the motion for new trial, not being assigned in writing as error in the transcript, as required by Supreme Court rule (Code 1907, p. 1506), will not be considered on appeal.

3. Trial ⊛⟹253(4)—Instruction as to last clear chance doctrine held bad for omission of hypothesis.

Requested charge that one remaining on a railroad track, after becoming conscious of the immediate approach of a train, is guilty of negligence subsequent to or concurrent with the negligence of the trainmen after discovering his peril, which will defeat recovery, is bad in failing to hypothesize that he could have gotten out of the way, but failed to do so after becoming conscious of approach of the cars.

4. Negligence ⊛⟹136(2) — General charge properly refused on evidence authorizing inference of negligence.

The general affirmative charge, with hypothesis, is properly refused defendant in a negligence case, there being evidence from which the jury could reasonably infer that the injury was proximately caused by the subsequent negligence of defendant's employees while acting in the line and scope of their duty.

5. Railroads ⊛⟹351(22) — Instructions held improper as failing to define negligence.

Requested charges as to jury's duty, unless reasonably satisfied of truck driver's freedom from contributory negligence after becoming conscious of the danger, and if reasonably satisfied that, after he and the trainmen became aware of the peril, he failed to conserve the truck, as due care and diligence requires, and that his negligence was subsequent to or concurrent with that of the trainmen, and that the injury proximately resulted therefrom, *held* properly refused, because failing to define negligence, improperly leaving it for the jury to define.

6. New trial ⊛⟹72—Motion on ground of verdict being contrary to the evidence properly overruled.

There being ample evidence to support the verdict, and it not appearing to be wrong or unjust, motion for new trial on the ground

that it is contrary to the evidence, or the great weight thereof, is properly overruled.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action by the Lime Cola Bottling Company and others against the Southern Railway Company, for damages from a crossing collision. From a judgment for plaintiffs, defendant appeals. Transferred from Court of Appeals, under Acts 1911, p. 449, § 6. Affirmed.

Defendant's requested instructions lettered C, D, and E are as follows:

"C. Unless you are reasonably satisfied from the evidence that the truck driver was free from negligence which proximately contributed to the injury after becoming conscious of the danger, you must find for the defendant.

"D. One remaining on a railroad track after becoming conscious of the immediate approach of a train, instead of leaving the track, is guilty of negligence subsequent to or concurrent with the negligence of the trainmen after discovery of such person's peril, which will defeat a recovery.

"E. If you are reasonably satisfied from the evidence that after the truck driver and the trainmen became aware of the imperiled situation of plaintiff's property, the truck driver failed to conserve the safety of the property as due care and diligence requires, and that such negligence on his part was subsequent to or concurrent with that of the trainmen and that the injury proximately resulted therefrom the plaintiff cannot recover."

Bankhead & Bankhead, of Jasper, for appellant.

Charges D and E, requested for defendant, should have been given. A. G. S. v. Mc-Whorter, 156 Ala. 269, 47 South. 84; L. & N. v. Young, 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301. The duty of the trainmen to proceed to stop dated, not from discovery of the person on the track, but from discovery of his ignorance of the approach of the train. L. & N. v. Farley, 201 Ala. 365, 78 South. 221.

Coleman D. Shepherd, of Jasper, for appellees.

Proof of subsequent negligence may be had under a count charging simple negligence. L. & N. v. Calvert, 172 Ala. 597, 55 South. 812; Hines v. Laurendine, 17 Ala. App. 350, 84 South. 780. Defendant was liable for subsequent negligence, even though the truck driver was negligent in driving onto the track. L. & N. v. Brown, 121 Ala. 221, 25 South. 609; C. of G. & A. v. Lee, 200 Ala. 550, 76 South. 908; Ala. Power Co. v. Bradley, 18 Ala. App. 533, 93 South. 73; C. of Ga. v. Ellison, 199 Ala. 571, 75 South. 159.

MILLER, J. This is a suit by the Lime Cola Bottling Company, a partnership com-

posed of S. D. Kilgore, J. F. Bargainer and A. R. Disney, against the Southern Railway Company, a corporation, for damages for injuries to a truck, together with the bottles and cases on it, while crossing the railroad track of defendant at a public street or road crossing, caused by cars of defendant being negligently run against the truck of plaintiff by servants of defendant while acting in the line and scope of their employment. The jury returned a verdict in favor of the plaintiff; the court rendered judgment thereon against the defendant; and this appeal is prosecuted by the defendant from this judgment.

There were three counts in the complaint. Counts 2 and 3 charged wanton negligence, and count 1 simple negligence. The wanton counts were eliminated by the oral charge of the court and written charges given the jury.

Pleas 2 and 3 set up contributory negligence of the plaintiff's driver of the truck to this simple negligence count, and plaintiff replied specially to these pleas, setting up subsequent negligence of the defendant as an answer to them. The defendant by plea 5 to the simple negligence count set up negligence on the part of the driver of plaintiff's truck concurrent with or subsequent to that of the subsequent negligence of the trainmen of the defendant.

The defendant has three tracks which cross a much used street in the town of Cordova. Two box cars were released from an engine of defendant and moved down grade, toward this crossing, to be placed at a cotton mill. The conductor and brakeman were on top of the cars. The plaintiff's truck, driven by its agent, approached the crossing; he did not stop, look, and listen before attempting to cross the tracks, and while the truck was on or crossing one of these tracks it was struck by the cars and injured. So the real question under the pleadings submitted by the court to the jury was whether the injury to the truck and its contents was proximately caused by the subsequent negligence of the trainmen or by the negligence of plaintiff's driver of the truck, concurrent with or subsequent to the subsequent negligence of the trainmen. The evidence was in conflict on these issues. There was evidence or reasonable inferences that could be drawn from proven facts which tended to establish each side of the controversy as presented by the issues in the pleading.

[1] Count 1 charges simple negligence, but under it proof of subsequent negligence may be introduced and recovery for it secured, if it was the proximate cause of the injury. Cent. of Ga. Ry. Co. v. Foshee, 125 Ala. 201, headnote 6, 27 South. 1006; L. & N. R. R. Co. v. Calvert, 172 Ala. 597, 55 South. 812; A. G. S. R. Co. v. McWhorter, 156 Ala. 269, 47 South. 84.

210 ALA.—22

[2] The appellant objected to and moved to exclude from the jury certain parts of the argument of the attorney for plaintiff. The court overruled the objection and the motion. This ruling of the court is urged as error in brief of appellant, but it is not assigned in writing as one of the errors in the transcript, and it is not mentioned in the motion for new trial. This alleged error will not be considered by this court, as this is a civil case, and it is not assigned as the rule requires. Supreme Court rule 1 (page 1506, Code 1907); Erwin v. Reese, 54 Ala. 589; Gay v. Hester, 164 Ala. 651, headnote 1, 51 South. 329.

[3] Charge lettered D requested in writing by defendant, was properly refused by the court. It fails to hypothesize if the driver of the truck could have gotten out of the way but failed to do so after becoming conscious of the approach of the cars. He may not have had reasonable time or opportunity to get the truck off of the track after becoming conscious of the immediate approach of the cars. This charge follows headnote 3 in A. G. S. R. R. Co. v. McWhorter, 156 Ala. 269, 47 South. 84, but the headnote is misleading, and is not sustained by the language of the opinion. A. G. S. R. R. Co. v. McWhorter, 156 Ala. 269, 47 South. 84.

[4] The general affirmative charge, with hypothesis, requested by the defendant was properly refused by the court. There was evidence from which the jury could reasonably infer the injury to the truck and its contents was proximately caused by the subsequent negligence of the servants or agents of the defendant while acting in the line and scope of their employment. A discussion of this evidence and its reasonable tendencies which cause us to reach this conclusion, is not required, and it will serve no useful purpose to be stated in this opinion. Cobb v. Malone, 92 Ala. 630, 9 South. 738; McMillan v. Aiken, 205 Ala. 35, headnotes 9–11, 88 South. 135.

[5] Written charges C and E were separately requested by the defendant, and the court did not err in refusing them. These charges fail to define negligence, but improperly leave it for the jury to define. It is true charge E follows substantially the language in the opinion in the case of L. & N. R. R. Co. v. Young, 153 Ala. 235, 45 South. 238, 16 L. R. A. (N. S.) 301, yet it does not define negligence and the court was not undertaking to state what language would be apt or proper in a charge to the jury.

[6] The court did not err in overruling the motion of defendant for a new trial based on the ground that the verdict was "contrary to the evidence," and "contrary to the great weight of the evidence." There is ample evidence to sustain the verdict. It does not appear to be wrong or unjust. Birmingham Bank v. Bradley, 116 Ala. 142, 23 South. 53;

Stull v. Daniel Mach. Co., 207 Ala. 544, headnote 15, 93 South. 583.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.