164 So.2d 500

**Edgar A. KENT**

v.

**William R. WILLINGHAM.**

**6 Div. 715.**

Supreme Court of Alabama.

Feb. 6, 1964.

Rehearing Denied May 21, 1964.

Rives, Peterson, Pettus & Conway, Birmingham, for appellant.

Emond & Emond, Birmingham, for appellee.

GOODWYN, Justice.

This is a personal injury and property damage suit growing out of an automobile accident which occurred at a street intersection in Birmingham. The complaint consists of two counts, one charging negligence and the other wantonness. The defendant entered a plea of recoupment, charging plaintiff with negligence, and seeks thereby to recover for damage to his automobile. There was also a plea in short by consent.

A jury verdict was returned for defendant on the issue of plaintiff's right to recover and against the defendant on his plea of recoupment. Judgment followed the verdict.

Plaintiff timely filed a motion for a new trial based on 43 grounds. The motion was granted, the court reciting that it was granted on grounds 22 and 23, which charge error in the giving of defendant's requested charges 6 and 10, respectively. It is from this action that defendant brings this appeal.

Our conclusion is that, aside from any other reason, the giving of charge 10, under the circumstances of this case, justified the granting of the new trial. Charge 10 is as follows:

"10. The Court charges the jury that on the occasion of the accident in question, Mr. Willingham was under a legal duty to keep a lookout as he approached and entered the intersection where the accident occurred, as would have been kept by a reasonably prudent person under the same or similar circumstances and conditions, and the Court further charges you that if you are reasonably satisfied from the evidence that on the occasion of the accident, Mr. Willingham negligently failed to keep a lookout as he ap-

proached and entered the intersection, and if you are further reasonably satisfied from the evidence that such negligence, if any, on his part proximately contributed to his own injuries and damages, then the court charges you that you cannot return a verdict in favor of the plaintiff and against the defendant under Count One of the Complaint."

There is no dispute that the negligence count includes the issue of defendant's subsequent negligence (also referred to as the humanitarian or last clear chance doctrine), that is, whether the defendant, after his discovery of plaintiff's peril, was guilty of negligence which proximately caused plaintiff's injuries and damages. (See: Shepherd v. Johnson, 268 Ala. 69, 71, 104 So.2d 755, and cases there cited.)

With respect to the issue of subsequent negligence, this court had the following to say in A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 549, 25 So.2d 511, 517:

"It is true that original contributory negligence is no defense to an action for subsequent negligence proximately causing injury (Central of Georgia R. Co. v. Forshee, 125 Ala. 199(6), 27 So. 1006), and a recovery against a defendant for subsequent negligence is allowable under a sufficient count charging simple negligence in general terms. Southern R. Co. v. Lime-Cola Co., 210 Ala. 336, 98 So. 1; Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334; 15 Ala.Digest, Negligence, ⊂⊃119(6)."

From a consideration of the evidence, we think there was presented a question for the jury as to the subsequent negligence of defendant. Apparently, the trial court, in granting the motion for a new trial based on the giving of charge 10, was of the same view.

The trial court did not spell out its reason for concluding that charge 10 should not have been given. However that may be, we are of the opinion that such con-

**506**

clusion could well have been based on the view that it was calculated to mislead the jury to a prejudicial extent in that it centered the attention of the jury on plaintiff's initial negligence, and, for practical purposes, led them to disregard the issue of defendant's subsequent negligence. For this reason, if for no other, it could well have been refused, thereby furnishing ample ground for the granting of the new trial. As said in Montgomery City Lines v. Scott, 248 Ala. 27, 31, 26 So.2d 200, 202, where the appeal also was from a judgment granting plaintiff a new trial based on the giving of a charge requested by the defendant, viz.:

"Should we adopt the construction that, at most, the charge was merely misleading, a reversal would still be unwarranted in view of the favorable presumption attending the ruling of the trial court. By granting the new trial, the misleading and injurious tendencies of the charge were thus declared and no case is shown for overriding this presumption. Proctor v. Coffey, 227 Ala. 318(7), 149 So. 838; Montgomery Light & Traction Co. v. Riverside Co., 188 Ala. 380, 66 So. 459; Thames v. Louisville & N. R. Co., 208 Ala. 255, 94 So. 487."

In Chastain v. Brown, 263 Ala. 440, 442, 82 So.2d 904, and Tyler v. Drennen, 255 Ala. 377, 51 So.2d 516, relied on by appellant, no question was presented as to whether the charges there dealt with tended to mislead. We do not intend, by what has been said, to disturb the conclusions reached in those cases.

The action of the trial court in granting the plaintiff a new trial is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.

LAWSON and COLEMAN, JJ., dissent.