171 So.2d 235

**W. J. PYBUS**

v.

**Harry McKINNEY.**

**4 Div. 199.**

Supreme Court of Alabama.

Jan. 21, 1965.

J. Hubert Farmer, Dothan, for appellant.

J. Robert Ramsey, Dothan, for appellee.

SIMPSON, Justice.

Appellant Pybus, plaintiff below, filed suit for damages against appellee arising out of a collision between his farm tractor and trailer and a pickup truck driven by appellee. The jury returned a verdict against the plaintiff who duly filed his motion for a new trial. From the judgment denying his motion, the plaintiff appeals.

It appears that the plaintiff was operating a farm tractor, to which was attached a two-wheel homemade trailer, in a southerly direction on U. S. Highway 231,

south of Dothan, on the 19th day of October, 1962, some time after sunset, the exact time being one of the issues in dispute. It is the contention of appellant that the tractor itself had three lights, two headlights and an additional forward light on the left fender. There were no tail lights on the tractor but appellant insists that there were two reflectors on the tailgate of the trailer. Under these circumstances the appellant was hit from behind by the pickup truck driven by the appellee, who testified that he was driving about 45 miles per hour on the right side of the road and did not see the appellant's trailer until "he was on him". It was the defendant appellee's contention that the accident happened about an hour and twenty minutes after sundown and that there were no tail lights or reflectors on the trailer. The appellant on the other hand contended that the accident happened within thirty minutes after sundown.

Appellant makes several assignments of error, most of which are but restatements of three which he argues in brief:

(1) Appellant contends that it was error to fail to grant his motion for new trial on the ground that the verdict is against the great weight of the evidence. We have carefully reviewed the record. The evidence is in conflict as to whether the accident happened after dark (most witnesses testified that it was dark at the time) and if so, whether the plaintiff's trailer was sufficiently lighted or lighted at all. This question of fact was properly submitted to the jury which obviously found against plaintiff on this question. There is evidence to support its finding, which is aided by the usual presumption. There was no error in the court's failure to grant the motion for new trial. See authorities at ☜1003, Alabama Digest, Appeal & Error.

(2) Error is claimed in the court's refusal to give plaintiff's requested unnumbered charge as follows:

"The Court charges the jury that the burden of proof is on the defendant to show that the plaintiff is guilty of contributory negligence."

There is no error here. The Court gave Plaintiff's requested charges numbered 1, 2, 3, and 4, which are substantially the same, if not more favorable to plaintiff, number 2 being as follows:

"The Court charges the jury that for the Plaintiff to be guilty of contributory negligence, the burden of proof is on the defendant to prove to your reasonable satisfaction that the plaintiff by his own negligence has so far contributed to his own injuries that but for such contributory negligence on his part his injuries would not have happened."

It is not error to refuse a charge which is a mere restatement of a given charge. Aubrey v. Helton, 276 Ala. 134, 159 So.2d 837; Code 1940, Tit. 7, § 273, and many other authorities collated at ☜260(1), Ala. Dig., Trial.

(3) Finally, appellant objects (quoting from the record) "to that portion of the court's oral charge, which is to the effect that the plaintiff had the legal duty to have placed on his trailer a tail-light that would shine or be shown, as required by the statutory law of Alabama."

Without comment of the form of the above exception, suffice it to say that we have carefully read the court's entire oral charge. When considered as a whole it states the law correctly and there is no reversible error in its statements concerning the matters complained of. Fuller v. Darden, 274 Ala. 447, 149 So.2d 805.

We view the assignments of error as without merit.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.