319 So.2d 672

**James TAYLOR**

v.

**Michael B. OWEN.**

**SC 952.**

Supreme Court of Alabama.

Sept. 4, 1975.

Hand, Arendall, Bedsole, Greaves & Johnston and Jerry A. McDowell, and Melvin W. Brunson, Guardian Ad Litem, Mobile, for appellee.

Cunningham, Bounds & Byrd, and James A. Yance, Mobile, for appellant.

FAULKNER, Justice.

James Taylor filed suit in Mobile County against Michael B. Owen for damages for

personal injuries suffered as a pedestrian when struck by a truck driven by Owen. The jury returned a verdict for the defendant. Taylor's motion for a new trial was denied.

The question for decision is whether or not the trial court judge correctly charged the jury on the doctrines of contributory negligence and subsequent negligence. We affirm.

Taylor contends that the oral charge by the court failed to define the law of subsequent negligence, as applied in Alabama. The portion of the judge's oral charge to which he specifically objected reads as follows:

"Now, referring again to subsequent negligence, as this is called. A motorist must exercise due care to anticipate the presence of another on the highway or street, so as not to injure him; and he is negligent if he fails to discover a person whom he should have discovered in the exercise of due care. On approaching a pedestrian in the highway, or along the street or road in his path, he must exercise due care. That is, that degree of care which an ordinary, careful, and prudent person should have exercised in order to observe and see the persons who are about the highway and to avoid injuring them; and that same duty rests upon the pedestrian also in order to preserve his own safety."

Taylor concedes that the judge gave several instructions, as requested, that properly stated the law of subsequent negligence. It is his position that, because of the difference between the initial oral charge given and the charges written by the parties and read to the jury by the judge, the jury was confused, to the prejudice of his case. The giving of proper charges cannot cure the giving of prejudicially erroneous ones, he asserts. He argues, furthermore, the court erred in giving Owen's requested charge No. 4; he contends the charge led the jury to disregard the issue of Owen's subsequent negligence. Charge No. 4 reads, as follows:

"The Court charges the jury that negligence on the part of the plaintiff in failing to exercise reasonable care for his own safety under the circumstances existing at the time and place of the accident, made the basis of this suit, if any, and if proximately contributing to the injuries and damages of which the plaintiff complains, would be a complete and absolute bar to the plaintiff's right of recovery. If you are reasonably satisfied from the evidence in this case that the plaintiff himself was guilty of negligence in failing to exercise reasonable care for his own safety under the circumstances, then and there existing, and that this negligence, if any, proximately contributed to the injuries and damages of which he complains, then you cannot return a verdict in favor of the plaintiff and against the defendant."

Owens argues that written charges given at the request of the parties became a part of the oral charge of the court, under Rule 51 ARCP. The minor discrepancies between the initial oral charge, and the written charges read to the jury are of no serious consequence, since the effect of the total oral charge was to apprise the jury correctly on the law of subsequent negligence.

Taylor is armed with a double-barreled argument: that prejudicially erroneous charges cannot be cured by giving other correct ones, and that the variance between the judge's oral charge and the written charges subsequently read aloud confused the jury. It is our opinion that both barrels misfired.

Harris v. Schmaeling, 270 Ala. 547, 549, 120 So.2d 731, 732 (1960) contains the statement that, "It is, of course, axiomatic that the error in giving a prejudicially erroneous charge was not cured by the giving of other proper charges." Taylor relies heavily on this statement. He argues that once a prejudicial error has been made in front of the jury, it cannot be

**546**

cured. This is an accurate statement, but mere error that is not prejudicial error can always be corrected. All the instructions must be considered together. The part of the judge's oral charge dealing with subsequent negligence was not prejudicial to the appellant's case. Granted, it did not explain the law of subsequent negligence to the jury; it was nothing more than an instruction on the initial duties of a motorist approaching a pedestrian and the corresponding duties of the pedestrian to the motorist. Correct charges were given, however, on the law of subsequent negligence; this is admitted by the appellant, since they were given at his request.

Taylor finds fault with one of the written charges—Charge No. 4—which omitted reference to subsequent negligence. He relies on *Kent v. Willingham,* 276 Ala. 504, 164 So.2d 500 (1964) for the proposition that the giving of a charge omitting consideration of subsequent negligence automatically is reversible error. This is not what we said in the case. Reversible error was committed when the charges *"centered the attention of the jury on plaintiff's initial negligence, and, for practical purposes, led them to disregard the issue of defendant's subsequent negligence."* (Emphasis added.) Here the attention of the jury was not centered on the initial negligence of the appellant. Rather, the series of written charges read to the jury, directed the attention of the jury to the issue of subsequent negligence. It did not, however, rivet the jury's attention on the alleged initial negligence of Taylor.

Before the advent of the new Rules of Civil Procedure, a variance between the oral and written charges could be a fatal error. Taylor cites *Tyler v. Drennen,* 255 Ala. 377, 51 So.2d 516 (1951) and *Montgomery City Lines, Inc. v. Scott,* 248 Ala. 27, 26 So.2d 200 (1946) for this proposition. Rule 51, however, makes the entire matter, the judge's oral charge and the written ones requested by the parties and given by the judge, the oral charge. Since the jury hears both, an appellate court must look to the total effect of the entire charge to see if there is reversible error. *Alabama Power Co. v. Tatum,* 293 Ala. 500, 306 So.2d 251 (1975); *Wren v. Blackburn,* 293 Ala. 393, 304 So.2d 187 (1974). We find no error.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.