The plaintiff sued defendants seeking to recover money alleged to be due for materials *Page 463 
supplied defendants in the construction of an apartment complex. The jury returned a verdict in favor of defendants. The plaintiff thereafter moved for a new trial and this motion was denied and plaintiff appeals. We reverse and remand.
The dispositive issue is whether certain written charges given at the request of one of the defendants were prejudicially erroneous.
The record discloses the following pertinent facts: During the construction of an apartment complex on land owned by defendant Sunki, and other named defendants, plaintiff, a plumbing materials supplier, was contacted by Hopkins Plumbing Company (Hopkins). Plaintiff was asked by Hopkins to sell Hopkins certain materials on credit.
Hopkins was the plumbing subcontractor on the project under Ford and Landers, Inc. (Ford), the general contractor. Hopkins was apparently experiencing financial difficulties at the time and plaintiff determined Hopkins was not a good credit risk. As a result, plaintiff agreed to supply the materials only if Hopkins could provide a letter from Ford stating that Ford would make all checks payable jointly to Hopkins and plaintiff.
Shortly thereafter, plaintiff's credit manager had a telephone conversation with an agent of Ford, explaining this requirement. An agreement was reached and plaintiff prepared the letter. After making a change not pertinent to the issues on appeal, Ford's agent signed the letter.
Accordingly, plaintiff supplied the materials, carrying the account in the name of Hopkins and Ford. However, payment in full was not forthcoming and there remained an unpaid balance in excess of $7,000. Ford did draw a check payable jointly to Hopkins and plaintiff sufficient to cover the amount owed, but stopped payment after the check was delivered to Hopkins.
Plaintiff thereafter brought suit. As Hopkins had been discharged in bankruptcy and dismissed as a party, plaintiff ultimately sought a money judgment against Ford and United States Fidelity and Guaranty Company (USFG), the company which issued the payment bond to Ford. Plaintiff also sought to have a lien established against the apartment complex.
The learned trial judge instructed the jury on the issues tried by the parties. For purposes of this appeal, the pertinent instructions revolve around plaintiff's theory of recovery of money due for goods delivered. In Alabama, this theory is also known as the "common counts."
Plaintiff does not take issue with the trial judge's oral instructions. In this part of the charge, the jury was instructed it was only necessary for plaintiff to prove Ford requested the material be delivered to Hopkins for the benefit of Ford, that the materials were delivered by plaintiff while relying on payment by Ford, and that the materials were used for the benefit of Ford. If the jury determined the above elements were present, it was told the law would imply a promise on the part of Ford to pay the reasonable value of the materials.
Plaintiff's objections at trial, and on appeal, center on two written charges given at the request of Ford. These charges were identified to the jury as being requested by Ford, were read at the end of the charge, and were at first sent into the jury room with the jury as it deliberated.
In giving these charges, the judge told the jury they were correct statements of the law, to be considered in connection with, but not as conflicting with, his oral instructions. For purposes of this appeal, we set forth only one of these, defendant Ford's requested charge number 15:
 If you find that the defendant Ford and Landers, Inc. did not order the goods and merchandise furnished to Willard Hopkins or did not request that such goods and merchandise be sold to him, then you must find a verdict for the defendant, as far as the claim for goods sold to the defendant.
Plaintiff duly excepted and stated its grounds, requesting a qualifying charge. *Page 464 
This request was at first refused, but upon it becoming apparent the written charges had been sent to the jury room, and after the jury submitted several questions in connection with this theory of recovery, the trial judge called the jury out and reinstructed it.
Informing the jury of his mistake, the trial judge said the following:
 I am not telling you to disregard those instructions that I have given you. I am simply saying that they cannot be in the Jury Room with you. I want to at this time instruct you that you should not give any of those that you have read while deliberating any undue weight because they were sent in the Jury Room with you. That was just an error on the part of the Court, for which I apologize. . . .
 I am going to at this time reinstruct you on the matter of the Plaintiff's second theory of recovery against the Defendant, Ford and Landers, for goods sold and delivered. In this theory the Plaintiff is relying on what we call the common counts. . . .
 Now, these requested charges, some of them, may pertain to that common count theory and I am going to go through them and I am going to give you again these requested charges that you may consider in connection with the Court's oral charge, but not in conflict with what I have told you. . . . Ladies and Gentlemen, I had previously submitted Defendant's Requested Charge No. 11. I am withdrawing that charge from your consideration. I charge you that if you find that the Defendant, Ford and Landers, Incorporated, did not order the goods and merchandise furnished to Willard Hopkins, or did not request that such goods and merchandise be sold to him, then you must find a verdict for the Defendant, as far as the claim for goods sold to the Defendant.
. . . . .
JUROR: Would you repeat that last one?
 THE COURT: Yes, sir. If you find that the Defendant, Ford and Landers, Incorporated, did not order the goods and merchandise furnished to Willard Hopkins, or did not request that such goods and merchandise be sold to him, then you must find a verdict for the Defendant, as far as the claim for goods sold to the Defendant.
At this time, plaintiff renewed his objection to the still remaining written charge, which had now been read to the jury three times.
As grounds, plaintiff pointed out that under this charge, the jury had no alternative but to find for the defendants if it concluded either that Ford did not place the order for the goods or directly request that they be sold to Hopkins. That is, plaintiff argued the charge required a finding of a sale at the explicit request of Ford when all that was necessary was the finding that, under all the facts and circumstances, a request was made that the materials be supplied to Hopkins for the use and benefit of Ford.
Plaintiff renews this argument on appeal and further contends that the written charge is in conflict with the oral charge as outlined above.
At the outset, we note that under Rule 51, ARCP, the entire jury instruction; i.e., the judge's oral charge as well as the written charges requested and given, is to be considered and reviewed as the "oral charge." Taylor v. Owen, 294 Ala. 543,319 So.2d 672 (1975). This is so because Rule 51 prohibits the designation of which party requested particular charges and requires that the written charges not accompany the jury into the jury room. Furthermore, the spirit of the rule contemplates the incorporation of the given written instructions into the appropriate part of the charge so as to preserve the charge's symmetry. Alabama Power Co. v. Tatum, 293 Ala. 500,306 So.2d 351 (1975).
Therefore, upon appeal, we will review alleged error in the giving of written requested charges as if the charges were a *Page 465 
part of the oral charge; and, where the objected to portion of the oral charge is misleading, abstract, or incomplete, we will reverse only if we conclude that prejudice resulted from the giving of such charge in light of the entire instruction.Alabama Power Co. v. Tatum, supra. We will also reverse if the objected to part of the charge is prejudicially confusing in light of the entire instruction. Gray v. Mobile Greyhound Park,Ltd., Ala., 370 So.2d 1384 (1979).
Here, although the trial judge did withdraw one of the two written charges, he nevertheless gave the other charge in reinstructing the jury. We must therefore decide if the charge as a whole was prejudicially misleading or confusing.
We conclude that it was, for the written charge's effect could only be to prejudicially mislead or confuse the jury in that it contradicted the oral portion of the charge. That is to say, the written charge was not merely omissive, in failing to completely put forth the facts upon which the jury could find for Ford, but was confusing in imposing a different, contradictory burden upon plaintiff than was outlined in the oral portion of the charge. See, Alabama Power Co. v. Tatum,supra.
The application of this principle is especially appropriate in this case in light of the manner in which the charge was given. As indicated, the defective written charge was identified as being requested by defendant and accompanied the jury into the jury room. Both of these incidents clearly violate Rule 51, ARCP. Furthermore, it was read at the end of the charge, no effort being made to incorporate it into the body of the charge at the appropriate place. This violated the spirit, if not the letter of the rule. See, Alabama Power Co.v. Tatum, supra.
The cumulative effect of this procedure could only be to further direct the jury's attention to the incorrect written charge. It is exactly such "undue emphasis" on a portion of the charge that Rule 51 seeks to abolish. See, Rule 51, ARCP, Committee Comments.
We would be remiss if we did not comment that we have reviewed the charge as a whole as contemplated by Rule 51 even though, due to the above errors, this was, in effect, a pre-Rule 51 charge. Before the advent of our Rules of Civil Procedure, when there was a discernible distinction between the oral and written parts of the charge which was apparent to the jury, a variance between these two parts of the charge was fatal due to the inevitable confusion the variance would cause.Taylor v. Owen, supra. See, Tyler v. Drennen, 255 Ala. 377,51 So.2d 516 (1951).
Suffice it to say such a variance existed in this case, as was made manifest by the jury's confusion and questions concerning the common counts theory of recovery. We conclude this lack of consistency so permeated the charge that, even considering it as a whole and not looking simply for technical variances, it was prejudiciously erroneous in misleading the jury.
Defendants, through able and distinguished counsel, also argue that a reversal predicated upon the above grounds should affect the verdict in favor of Ford only.
We cannot agree. This court has power to order such a limited reversal when the decision affects one appellee to the exclusion of the other appellees. However, when the facts are otherwise, the ends of justice call for a reversal of the judgment in its entirety. Zemczonek v. McElroy, 264 Ala. 258,86 So.2d 824 (1956).
Here, even though USFG presented other defenses, a finding of Ford's liability was essential to a judgment against USFG on its bond. Likewise, a lien against the owner's property would have been improper absent the rendering of a money judgment.
Therefore, this case is to be reversed and remanded as to all appellees.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 466