This appeal by Arnold Price and wife Mary Lucille Price and State Farm Mutual Automobile Insurance Company is from a judgment entered on a jury verdict in favor of Jacob Jacobs for $15,000 damages sustained in an automobile accident.
This negligence action was initially filed by Jacob Jacobs against Arnold Price for damages sustained in an automobile accident at the intersection of Highway 90 and the Malbis Parkway in Baldwin County. Price and his wife, Mary Lucille Price, counterclaimed for their damages. The Prices' insurer, State Farm Mutual Automobile Insurance Company, which had paid the Prices $5,114.08 and had a subrogation interest in their counterclaim to that extent, joined their action as a party plaintiff.
The case was tried before a jury, which returned a verdict in favor of Jacobs for $15,000, and judgment was entered thereon. A motion for new trial filed by the Prices and State Farm was denied and this appeal ensued.
Appellants raise two issues: Whether the trial court erred by allowing Jacobs to place in evidence a notation in the records of Tim Smith, M.D., Arnold Price's attending physician, together with testimony of the doctor explaining the terminology used in the notation; and whether the trial court erred in its oral charge to the jury.
The facts pertinent to the issues for review on this appeal have nothing to do with the details of how the automobile collision occurred or those concerning the injuries and damages suffered by Arnold Price or Jacob Jacobs.
Regarding the issue of alleged error in connection with the testimony and records of Price's attending physician, Dr. Smith, the following appears in the record:
 "MR. GASTON: [attorney defending the Prices' counterclaim and referring to the deposition of Dr. Smith]
 "We will skip on down to page thirty-two, line thirteen;
 "`Question: All right, sir. And did you also make a notation, Doctor, that what Mr. Price was probably going to have to have was what you referred to as a greenback poultice put on him?'
"MR. CHASON: [attorney representing Jacobs]
 "We object to that question, if it please the Court, on the grounds that it is not a medical judgment or diagnosis. It exceeds the bounds of what the Doctor may give an opinion as to, as a medical expert. It invades the province of the Jury and it's entirely speculative and incompetent, irrelevant and immaterial.
"THE COURT:
 "Counsel's objection is overruled and he has his exception.
"MR. CHASON:
 "May it please the Court, if I may I would like to have the same objection to *Page 174 
the series of questions involving this so that I don't have to interrupt.
"THE COURT:
 "All right. Counsel is entitled to that objection to the question involving the same term.
"(Reading)
"`Answer: Yes, I did.'
 "Question: And when you mention greenback poultice, Doctor, are you referring to money?
"Answer: Yes.
 "Question: All right, sir. And that was your notation in your office records from the occasion that you had a visit from Mr. Price back in May 23, 1977?
"Answer: That is correct."
Also admitted into evidence over objection were medical records of Dr. Smith concerning Mr. Price containing the following notation:
 "5-23-77 B/P 130/86 Still complaining of his low back hurting him a good bit, he exaggerates the pain and motions when he bends and moves, I do not know what we will do with this guy, he is probably going to have to have a greenback poultice put on him."
Appellants contend the foregoing evidence invaded the province of the jury because it called for a speculative conclusion on the part of Dr. Smith about matters outside his training and experience.
We are not convinced it was error to admit this testimony. Dr. Smith treated Price following the accident; he was qualified as a medical expert, and testified about medical notes made at the time of, and based upon, his treatment of Price.
The question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court. Expert opinion evidence should not be admitted unless it is clear that the jurors themselves are not capable from want of experience or knowledge of the subject matter to draw the correct conclusion from facts proved. Hagler v.Gilliland, 292 Ala. 262, 292 So.2d 647 (1974). However, expert opinion evidence may be helpful regarding the validity of a patient's complaints of pain because jurors' lack of experience or knowledge of the subject might prevent their drawing correct conclusions from facts proved. Yates v. Christian BenevolentFuneral Homes, Inc., 356 So.2d 35 (Ala. 1978).
We will not disturb the trial court's ruling on the admissibility of expert testimony because, from the record, it is apparent there was no clear abuse of discretion in that regard. Southern Railway Co. v. Roberts, 380 So.2d 774 (Ala. 1980).
Rule ARCP, 44 (h), provides:
 "* * * Any writing or record, whether in the form of an entry in a book or otherwise, made as memorandum or record of any act, transaction, occurrence, or event, shall be admissible in evidence in proof of said act, transaction, occurrence or event, if it was made in the regular course of any business, profession, occupation, or calling of any kind, and it was the regular course of the business, profession, occupation or calling to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter. * * *"
The Code is to the same effect. § 12-21-43, Code 1975. Evidence of a doctor's diagnosis contained in such records has been recognized by this court as admissible as an "act, transaction, occurrence or event." Bailey v. Tennessee Coal, Iron andRailroad, Co., 261 Ala. 526, 75 So.2d 117 (1954).
Clearly the doctor was otherwise qualified to give expert opinion testimony regarding whether or not his patient was malingering or feigning injury. We cannot say that admitting the medical records and portions of the deposition explaining the notation in the records was an abuse of discretion upon the part of the trial court. The notation amounts to no more than a shorthand rendition to the effect that in the doctor's opinion Price was malingering or feigning pain. If the notation is also construed to contain his opinion of his patient's motives we see no prejudice, under the circumstances, in the language used. See People *Page 175 v. Gorgol, 122 Cal.App.2d 281, 265 P.2d 69 (1953). Therefore, even if it might be considered error, it is harmless error. Rule 45, ARAP.
The second issue is whether the trial court erred in its supplemental oral instructions to the jury.
After some deliberation the jury informed the trial court that it had a question. The following occurred.
"THE COURT:
 "Let the record show that the bailiff informed the Court that the Jury had a question. The Court is not [sic] convened all parties and counsel present. Yes, what is your question?
"JURY FOREMAN:
 "Well, just — we have had all of us are agreed upon with the evidence produced that we just can't figure out who is right and who is wrong. We think they are both responsible but we think they should be compensated. I don't think either of them intended to have the accident. We have not come to an agreement but a suggestion that we — anyway, could we pay both of these parties?
"THE COURT:
 "Mr. Foreman, your position is restricted that the jury must find a verdict or not find one. That is you must find a verdict within the realm of for the Plaintiff or for the Defendant or Cross-Plaintiff or Cross-Defendant or if the Jury is unable to render a verdict then we have another procedure that we use and while the Jury is ultimately the trier of the facts and only the Jury can try the facts its prerogative is within that perimeter. That is to say its duty is confined to those limits.
"THE JURY FOREMAN:
"But there has to be a right or wrong?
"THE COURT:
 "No, sir, the Jury — you may decide if you will sit down I will reinstruct the Jury as to the form of verdict.
 "If you find for the Plaintiff, Mr Jacobs, the form of verdict would be; We the Jury find for the Plaintiff and his name and fix his damage at so many dollars as I have instructed you. There are two lawsuits; One of them is a suit by Mr. Jacobs against the Defendant Price. The other is a counter suit by Mr. Price and by Mrs. Price against Mr. Jacobs. If in the suit by Mr. Jacobs against Mr. and Mrs. Price you find for Mr. Jacobs the form of your verdict would be as I have instructed you. If you find that Mr. Jacobs is not entitled to recover on that suit against Mr. or Mrs. Price then the form of your verdict would be; We the Jury find for the Defendant or the Defendants and name their names, Mr. Price or Mrs. Price or both of them. Then there is a second case which is a counter suit in which Mr. Price and Mrs. Price have sued Mr. Jacobs. In the event that you find in favor of Mr. or Mrs. Price the form of your verdict would be; We the Jury find in favor of Mr. Price, his name, or Mrs. Price or both their names and against Mr. Jacobs or you can call him the Defendant or you may call him the Counter-Defendant and fix their damages or his or her damages at so many dollars. If you find in favor on the counter claim against Mr. Price and Mrs. Price on the counter suit and in favor of Mr. Jacobs then the form of your verdict would be; We the Jury find in favor of the Defendant Jacob Jacobs.
 "Now, to each of these verdicts, that is to say each of these two lawsuits, has been raised the defense of contributory negligence. If there is contributory negligence that contributed to the cause of the party who you are then considering you may not find for that complaining party. And the form of your verdict would have to be; We the Jury find in favor of the Defendant Jacob Jacobs or we the Jury find in favor of the Defendant or Defendants Price. But you may not find in favor of two of them at once. I am also narrowly confined as to the nature of the instructions."
In behalf of the Prices Mr. Chason made the following objection:
"MR. CHASON: *Page 176 
 "I object on the grounds that the Court improperly instructed the Jury as to the verdict for the Plaintiff and improperly instructed the Jury as to a verdict for the Counter-Plaintiff. But it's my impression of the overall charge that it left the Jury in the position of leaving — that they cannot find against both the Plaintiff and the Counter-Plaintiff. In fact, returning a verdict in favor of the — well, returning a verdict against the Plaintiff and against the Counter-Plaintiff. I think the Court's instructions tells the Jury that you must find for the Plaintiff or for the Counter-Plaintiff or you must say that we cannot agree on any of it."
Appellants complain that the trial court's charge "[b]ut you may not find in favor of two of them at once" left the jury with the impression that it must find in favor of one of the parties or the other. Read in its entirety and looking to the probable total effect of the entire oral charge we cannot say the jury was misled or that appellants were prejudiced by it or the supplemental instructions. We must look to the total effect of the entire charge to determine if there is reversible error.Taylor v. Owen, 294 Ala. 543, 319 So.2d 679 (1975). We fail to find reversible error after looking to that total effect, after examination of the entire cause, particularly in light of Rule 45, ARAP.
The judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and BEATTY, JJ., concur.