TORBERT, Chief Justice
(concurring specially).
My research has not revealed another case from this Court dealing with an action for negligent inspection where we have recognized a duty on the part of the entity who inspects, that is as broad as that established today.
In our previous cases the inspecting person was found to have actually inspected the area where an accident later occurred, and, from the facts in each case, it could be inferred that he either saw or should have seen the hazardous situation. Fireman’s Fund American Ins. Co. v. Coleman, 394 So.2d 334 (Ala.1981); Hughes v. Hughes, 367 So.2d 1384 (Ala.1979) (inspector discovered and reported the very hazard which caused the injury; therefore, there was no negligence); United States Fidelity & Guaranty Co. v. Jones, 356 So.2d 596 (Ala.1978); Beasley v. MacDonald Engineering Co., 287 Ala. 189, 249 So.2d 844 (1971). In this case, the evidence does not show that Management Safety, Inc. (MSI), actually viewed the area in question and knew or should have known that a hazardous situation existed.
*1098 Plaintiffs expert testified that MSI should have obtained copies of all previous accident reports and MSHA safety reports and acted on them in an appropriate manner. By finding that this testimony would support an inference of negligence, we are recognizing that MSI was under a duty to perform those acts under these circumstances.